IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DERICK DEVUN HAYNES,**  ) | |
| ID # 31338-177,  ) | |
|     Movant,  ) | |
| vs.  ) | No. 3:03-CR-372-M (BH) |
| ) | |
| **UNITED STATES OF AMERICA,**  ) | |
|     Respondent.  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the order of referral dated July 18, 2017 (doc. 109), before the Court is the *Motion Pursuant to Rule 60(b)(6) in Light of Mathis v. U.S., No. 15-6092 (2016); U.S. v. Davis, 417; and U.S. v. Mays, 817 F.3d (11th Cir)*, received June 30, 2017 (doc. 108). Based on the relevant findings and applicable law, the motion should be construed as a successive motion to vacate under 28 U.S.C. § 2255, opened as a new case, and **TRANSFERRED** to the court of appeals.

**I. BACKGROUND**

Derick Devun Haynes (Movant) was convicted of possession with intent to distribute cocaine base (count one) and carrying and possessing a firearm in furtherance of drug trafficking (count three), and he received sentences of 232 months' imprisonment (count one) and 60 months' imprisonment (count three), to be served consecutively, by judgment entered on February 9, 2005. (Doc. 45.) On February 14, 2007, his appeal was dismissed as frivolous. (*See* doc. 60); *United States v. Haynes*, No. 05-10294 (5th Cir. Feb. 14, 2007). On June 11, 2007, he filed a § 2255 motion to vacate that challenged his conviction and sentence. (*See* No. 3:07-CV-1032-M doc. 1.) It was denied on March 4, 2008. (*See id.* doc. 26.) The United States Court of Appeals for the Fifth Circuit denied his motion for a certificate of appealability. (*See* doc. 35); *United States v. Haynes*, No. 08-10330 (5th Cir. Apr. 30, 2009).

Movant now contends that his prior Texas convictions for a drug offense and for robbery were used to enhance his sentence under United States Sentencing Guideline (USSG) § 4B1.1 in violation of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

## II.  NATURE OF SUIT

Rule 60(b) of the Federal Rules of Civil Procedure applies to civil cases, and not to criminal cases. *United States v. Herrera*, 637 F. App'x 818, 819 (5th Cir. 2016). If a Rule 60(b) motion seeks to advance a substantive habeas claim, it may be construed as a § 2255 motion. *Id*.

Movant's post-judgment motion raises new substantive grounds for relief from the federal conviction, and it is properly construed as a successive motion to vacate under § 2255.

## III.  SUCCESSIVE § 2255 MOTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Movant previously filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was

required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in his prior motion to vacate. Because he now raises claims that he could have raised in his first motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303 F. App'x 241 (5th Cir. Dec. 18, 2008) (affirming dismissal of a motion seeking a reduction of sentence under 18 U.S.C. § 3742 as successive where the movant had already filed a § 2255 motion); *see also In re Williams*, 806 F.3d 322 (5th Cir. 2015) (analyzing a motion for authorization to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2)); *United States v. Jones*, 796 F.3d 483, 486-87 (5th Cir. 2015) (finding § 2255 motion successive despite intervening reduction of sentence under 18 U.S.C. § 3582(c)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence

3

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider his new § 2255 motion.

## IV.  RECOMMENDATION

The movant's filing should be construed as a motion to vacate filed under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this criminal case; (2) open a new habeas case for administrative purposes only; (3) docket the post-judgment motion as a § 2255 motion filed June 30, 2017, in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation , and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 19th day of July, 2017.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                         _____
                          IRMA CARRILLO RAMIREZ
                       UNITED STATES MAGISTRATE JUDGE